**UNITED STATES COURT OF APPEALS**
**Tenth Circuit**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80294**
**(303) 844-3157**

Patrick J.  Fisher, Jr.                                                                    Elisabeth A. Shumaker
Clerk                                                                                          Chief Deputy Clerk

August 16, 1999


**TO:**   ALL RECIPIENTS OF THE ORDER AND JUDGMENT

**RE:**   98-3254, *United States v. Culp*
          Filed on August 6, 1999

        The order and judgment filed in this matter omitted the name of the authoring judge.
Senior Circuit Judge Robert H. McWilliams entered the decision for the court.

        Please make the correction to your copy of the decision.

                                        Sincerely,

                                        Patrick Fisher, Clerk of Court


                                        By:    Keith Nelson
                                               Deputy Clerk

**F I L E D**
United States Court of Appeals
Tenth Circuit

**AUG 6 1999**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES,

      Plaintiff-Appellee,

v.

JAMES CULP,

      Defendant-Appellant.

No. 98-3254
(D.C. No. 97-40005-03)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, Circuit Judge, **LUCERO**, Circuit Judge, and **McWILLIAMS**, Senior Circuit Judge.

In a one-count indictment filed in the United States District Court for the District of Kansas, James Culp and three others were charged with conspiring with each other and with others, some known and others unknown to the Grand Jury, to distribute cocaine in violation of 21 U.S.C. § 846, with reference to 21 U.S.C. § 841(a)(1). One of the four defendants entered into a plea agreement with the government and later testified as a government witness at Culp's trial. The remaining three defendants were jointly tried by

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

a jury. The jury convicted Culp and he was sentenced to 151 months imprisonment.[1] Culp appeals his conviction and sentence.

On appeal, counsel raises but one issue, contending that Culp's conviction and sentence should be reversed because the government, at trial, called ten witnesses, including co-conspirators with Culp, and that these witnesses had been promised leniency, in one form or another, in exchange for testifying against Culp. Counsel concedes that he raised no objection to the testimony of these co-conspirators in the trial court, but claims that such represents "plain error," which may be raised on appeal even though not raised in the trial court, citing Fed. R. Crim. P. 52(b). *See, e.g., United States v. Janusz,* 135 F.3d 1319, 1322 (10th Cir. 1998).

Counsel's argument that the so-called "anti-bribery statute," 18 U.S.C. § 201(c)(2), makes it unlawful for a prosecutor to promise leniency to a cooperating witness in exchange for his or her testimony is based on a panel opinion of the court filed on July 1, 1998, but vacated by the active court and rehearing granted en banc on July 10, 1998. *United States v. Singleton,* 144 F.3d 1343 (10th Cir.1998), *vacated and reh'g en banc granted, id.* at 1361. The instant trial occurred before *Singleton.* In his brief, counsel recognized that rehearing en banc had been granted in *Singleton* but, at that point in time, had not been reheard**.**

---

[1]One of Culp's co-defendants, Shawn Battle, was also convicted and he appealed his conviction and sentence. See our No. 98-3246, wherein Battle's conviction and sentence was affirmed this date. The remaining defendant, Richardo Clark, was acquitted.

On rehearing en banc, this court on January 8, 1999 held that the anti-bribery statute, 18 U.S.C. § 201(c)(2), did not apply to the United States acting in its sovereign capacity and accordingly did not include the United States Attorney's office, and thus did not prohibit the government offering an accomplice leniency in exchange for truthful testimony. *United States v. Singleton,* 165 F.3d 1297 (10th Cir.), *cert. denied*, __ U.S. __, 119 S.Ct. 2371 (1999).

Judgment affirmed.

ENTERED FOR THE COURT,


Robert H. McWilliams
Senior Circuit Judge